UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DEREK RYAN FOX,<br><br>        Petitioner,<br>v.<br><br>CALVIN JOHNSON, et al.,<br><br>        Respondents. | Case No. 2:22-cv-00669-APG-EJY<br><br>**ORDER TO SHOW CAUSE**<br><br>(ECF No. 1) |

    Petitioner Derek Ryan Fox, a Nevada state prisoner proceeding *pro se*, has filed a petition for writ of habeas corpus (ECF No. 1) under 28 U.S.C. § 2254. Rule 4 of the Rules Governing Section 2254 Cases[1] requires me to examine the petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). For the reasons discussed below, I order Fox to show cause why this petition should not be dismissed for failure to exhaust his claims in state court.[2]

    Fox challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County. *State of Nevada v. Derek Ryan Fox*, Case No. C-16-318410-1.[3] On March 5, 2020, the state court entered an amended judgment of conviction for robbery with use of a deadly weapon, assault with a deadly weapon, and two counts of discharging a firearm at or into an occupied structure. The Supreme Court of Nevada affirmed the conviction. On April 26, 2022, Fox filed a state petition for writ of habeas corpus. *Derek Fox v. State of Nevada*, Case No. A-22-851647-W. It appears that his state habeas petition remains pending.

    On April 20, 2022, Fox initiated this federal habeas corpus proceeding *pro se*. ECF No. 1.

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

[2] Fox has filed a motion for appointment of counsel, which I defer consideration of until after he has responded to this order.

[3] I take judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts. The docket records may be accessed by the public online at: https://www.clarkcountycourts.us/Anonymous/default.aspx and at: http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

1

The filing fee has been paid. ECF No. 1-3. In his pleading, Fox indicates that he did not file a petition for habeas corpus in state court and acknowledges that his claims presented in grounds 2 through 8 have not been presented to the state supreme court. ECF No. 1 at 1.

The Antiterrorism and Effective Death Penalty Act (AEDPA) requires petitioners to exhaust state court remedies before presenting claims to the federal courts. 28 U.S.C. § 2254(b)(1)(A); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). "A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014). Fair presentation requires a petitioner to present the state courts with both the operative facts and the federal legal theory upon which the claim is based, and to do so in accordance with established state procedures. *Id.* (quoting *Gray v. Netherland*, 518 U.S. 152, 162–63 (1996)); *Kellotat v. Cupp*, 719 F.2d 1027, 1030 (9th Cir. 1983). To satisfy the exhaustion requirement, a claim must have been raised through one complete round of either direct appeal or collateral proceedings to the highest state court level of review available. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999); *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc).

Here, Fox has not demonstrated that he has fully exhausted his state court remedies. It appears likely that the petition is partially unexhausted in Nevada courts and may be subject to dismissal without prejudice. Accordingly, Fox will be required to show cause why this action should not be dismissed because of his failure to exhaust his claims in Nevada courts.

I advise Fox that federal courts are authorized to stay an unexhausted petition in "limited circumstances" to allow a petitioner to present unexhausted claims to the state court without losing his right to federal habeas review due to the relevant one-year statute of limitations. *Rhines v. Weber*, 544 U.S. 269, 273–75 (2005). Where a petitioner is unsure whether state proceedings for post-conviction relief are "properly filed" under 28 U.S.C. § 2244(d)(2), he may file a "protective petition" in federal court and ask for a stay and abeyance of the federal habeas proceedings until he exhausts his state remedies. *Id.* at 278. By filing a protective petition, a petitioner seeks to avoid a determination that a federal habeas petition is time-barred after months or years of litigating in state court. *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005). "A

petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court." *Id.*

Under the *Rhines* test, "a district court must stay a mixed petition only if: (1) the petitioner has 'good cause' for his failure to exhaust his claims in state court; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner intentionally engaged in dilatory litigation tactics." *Wooten v. Kirkland*, 540 F.3d 1019, 1023 (9th Cir. 2008) (citing *Rhines*, 544 U.S. at 278).

The *Rhines* "good cause" standard does not require "extraordinary circumstances." *Wooten*, 540 F.3d at 1024 (citing *Jackson v. Roe*, 425 F.3d 654, 661–62 (9th Cir. 2005)). But courts "must interpret whether a petitioner has 'good cause' for a failure to exhaust in light of the Supreme Court's instruction in *Rhines* that the district court should only stay mixed petitions in 'limited circumstances'." *Wooten*, 540 F.3d at 1024 (citing *Jackson*, 425 F.3d at 661). Courts must also "be mindful that AEDPA aims to encourage the finality of sentences and to encourage petitioners to exhaust their claims in state court before filing in federal court." *Id.* at 1024 (citing *Rhines*, 544 U.S. at 276–77).

A "mixed" petition—one presenting both exhausted and unexhausted claims—may be dismissed without prejudice or amended to delete unexhausted claims. *Rose v. Lundy*, 455 U.S. 509, 520 (1982).

I THEREFORE ORDER as follows:

1. **By June 24, 2022**, petitioner Derek Ryan Fox must file a "Response to Order to Show Cause," showing why this action should not be dismissed without prejudice because of his failure to exhaust his claims in state court. Fox's showing must be factually detailed, and must, where possible, be supported by exhibits.

2. Failure to timely and fully comply with this order will result in the dismissal of this action without prejudice and without further advance notice.

Dated: May 19, 2022.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE