UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DEREK RYAN FOX,<br><br>　　　　　Petitioner,<br>　v.<br>CALVIN JOHNSON, et al.,<br><br>　　　　　Respondents. | Case No. 2:22-cv-00669-APG-EJY<br><br>**ORDER**<br><br>(ECF Nos. 2,6) |

　　　On April 26, 2022, petitioner Derek Ryan Fox filed a state petition for writ of habeas corpus. *Derek Fox v. State of Nevada*, Case No. A-22-851647-W. That petition appears to remain pending. On April 20, 2022, Fox initiated this federal habeas corpus proceeding *pro se*. In his pleading, Fox indicates that he did not file a petition for habeas corpus in state court and acknowledges that his claims presented in grounds 2 through 8 have not been presented to the state appellate court. ECF No. 1 at 1. I ordered him to show cause why his petition should not be dismissed based on his failure to exhaust his claims in state court. ECF No. 5. In his response, Fox concedes that grounds 2 through 7 have not been exhausted. ECF No. 5 at 4. He requests appointment of counsel to assist him in this action. ECF No. 2.

　　　There is no constitutional right to appointed counsel in a federal habeas corpus proceeding. *Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007)). An indigent petitioner may request appointed counsel to pursue habeas relief. 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is generally discretionary. *Id.* § 3006A(a)(2) (authorizing appointment of counsel "when the interests of justice so require"). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is so uneducated that he is incapable of fairly presenting his claims. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980).

　　　Here, the appointment of counsel is justified based on the lengthy sentence structure and the number and complexity of potential claims. Fox commenced this federal action indicating that the majority of his claims are not exhausted in state court. ECF No. 5 at 4. Given the myriad of

potential procedural obstacles Fox faces, I grant his request for appointment of counsel.

I THEREFORE ORDER:

1. Petitioner Derek Ryan Fox's Motion for Appointment of Counsel (**ECF No. 2**) is **GRANTED**.

2. The Federal Public Defender is provisionally appointed as counsel and will have 30 days to undertake direct representation of Fox or to indicate the office's inability to represent him. If the Federal Public Defender is unable to represent Fox, I will appoint alternate counsel. The counsel appointed will represent Fox in all federal proceedings related to this matter, including any appeals or *certiorari* proceedings, unless allowed to withdraw. A deadline for the filing of an amended petition or seeking other relief will be set after counsel has entered an appearance. I anticipate setting the deadline for approximately 120 days from entry of the formal order of appointment.

3. Any deadline established or extension granted will not signify any implied finding of a basis for tolling during the time period established. Fox at all times remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, I make no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

4. The Clerk of the Court is directed to add Aaron Ford, Attorney General of the State of Nevada, as counsel for the respondents and to provide the respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the Attorney General only. The respondents' counsel must enter a notice of appearance within 21 days of entry of this order, but no further response will be required from the respondents until further order of the court.

/ / / /

/ / / /

/ / / /

5. The Clerk of the Court will send a copy of this order to Fox, the Nevada Attorney General, the Federal Public Defender, and the CJA Coordinator for this division.

Dated: July 20, 2022.

                                                    ANDREW P. GORDON
                                                    UNITED STATES DISTRICT JUDGE