UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Derek Ryan Fox, | Case No.: 2:22-cv-00669-APG-EJY |
| Petitioner | **Order Granting Petitioner's Motion to Reopen and Motion to Extend** |
| v. | |
| Calvin Johnson, *et al.*, | [ECF Nos. 19, 22] |
| Respondents | |

In December 2022, I granted Petitioner Derek Ryan Fox's motion to stay case pending the conclusion of his state habeas postconviction proceedings. ECF No. 14.  In February 2024, the state appellate court issued remittitur.  Fox now moves to reopen these federal habeas proceedings and for leave to file his amended petition on July 15, 2024, based on his calculations for filing a timely petition under the Antiterrorism and Effective Death Penalty Act. ECF No. 19. The respondents do not oppose. ECF No. 21 at fn. 1.

In addition, Fox seeks an extension of time to file his reply in support of his motion for discovery. ECF No. 22.  I find that the request is made in good faith and not solely for the purpose of delay, and therefore, good cause exists to grant the motion.

I THEREFORE ORDER:

1. Petitioner Derek Ryan Fox's motion to reopen (ECF No. 19) is granted.  The stay is lifted, and the Clerk of the Court is directed to reopen this case.

2. Fox's unopposed first motion to extend (ECF No. 22) is granted.  Fox has until May 27, 2024, to file his reply in support of his motion for discovery.

3. Fox will have until July 15, 2024, to file an amended petition and/or seek other appropriate relief.  This deadline and any extension thereof may not be construed as

implied findings regarding the federal limitation period or a basis for tolling. Fox at all times remains responsible for calculating the running of the federal limitation period and timely asserting claims, without regard to any court-ordered deadlines or extensions. Thus, a petition or amended petition filed within a court-ordered deadline may still be dismissed as untimely if it violates the statute of limitations. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

4. The respondents have 60 days after service of an amended petition within which to answer, or otherwise respond to, the amended petition. If a dispositive motion is filed, the motion shall be briefed pursuant to Rules 7-2 and 7-3 of the Local Rules of Practice.

5. If the respondents file an answer, Fox has 30 days after service of the answer to file and serve a reply.

6. Any procedural defenses respondents raise in this case must be raised together in a single consolidated motion to dismiss. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. The respondents will not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If respondents do seek dismissal of unexhausted claims under § 2254(b)(2), they must do so within the single motion to dismiss, not in the answer, and specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623–24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, will be

included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

7. In any answer filed on the merits, the respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

8. Any a state court record and related exhibits must be filed in accordance with LR IA 10-3, LR IC 2-2, and LR 3-3 and include a separate index identifying each additional exhibit by number or letter. The index must be filed in CM/ECF's document upload screen as the base document to receive the base docket number (*e.g.*, ECF No. 10). Each exhibit will then be filed as "attachments" to the base document—the index—to receive a sequenced sub-docket number (*e.g.*, Exhibit A (ECF No. 10-1), Exhibit B (ECF No. 10-2), Exhibit C (ECF No. 10-3), and so forth). If the exhibits will span more than one filing, the base document in each successive filing must be either a copy of the index or volume cover page. *See* LR IC 2-2(a)(3)(A).

9. Notwithstanding LR IC 2-2(g), paper copies of any electronically filed exhibits—for this case—*need not* be provided to chambers or to the staff attorney, unless later directed by the court.

DATED this 8th day of May, 2024.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE