UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Derek Ryan Fox,<br><br>        Petitioner<br><br>v.<br><br>Calvin Johnson, *et al.*,<br><br>        Respondents | Case No.: 2:22-cv-00669-APG-EJY<br><br>**Order Granting Petitioner's<br>Motion for Leave to File<br>Second Amended Petition**<br><br>[ECF No. 27] |

Petitioner Derek Ryan Fox filed a counseled first amended petition on July 12, 2024, based on his calculations for filing a timely petition under the Antiterrorism and Effective Death Penalty Act. ECF No. 25. Fox now moves for leave to file a second amended petition. ECF No. 27.

Fox provides that he filed his first amended petition as a protective petition to plead his claims in a timely fashion. ECF No. 29 at 2. Fox requests leave to file a second amended petition so that he can continue to investigate his case, including locating his trial file, reviewing extensive state records, and ordering transcripts and recordings. ECF No. 27 at 2. He further requests that the Court waive the requirement of LR 15-1(a), which generally requires a party to attach the proposed amended pleading to a motion seeking leave to amend, explaining that Fox does not yet know the outcome of his completed investigation or his pending discovery motion, and thus whether a second amended petition is necessary. *Id*. at 4. Accordingly, Fox proposes that he file a status report in 90 days to provide an update on the status of the investigation and whether Fox will proceed on his first amended petition or file a second amended petition. *Id*. at 3.

When counsel is appointed to represent a habeas petitioner, leave is granted to file an amended petition as a matter of course. Here, counsel is requesting an opportunity to conduct a full review or investigation of the case before filing a second amended petition. I see no reason to depart from the usual practice in habeas corpus cases of allowing amended petitions under these circumstances. Moreover, under Federal Rule of Civil Procedure 15(a)(2), a party may amend a pleading with the court's leave, and "[t]he court should freely give leave when justice so requires."

I find that there is good cause to grant Fox's motion for leave to file a second amended petition. This order does not, however, affect, in any manner, the operation of the statute of limitations in this case, and I do not intend this order to convey any opinion whatsoever about when the limitations period expires (or expired). I waive the requirement of LR 15-1(a) and instruct Fox to file a status report no later than January 3, 2024, to provide an update on the status of the investigation and whether Fox intends to proceed on his first amended petition or intends to file a second amended petition. Following the status report, I will issue a scheduling order.

I THEREFORE ORDER:

1. Petitioner Derek Ryan Fox's motion for leave to file second amended petition (ECF No. 27) is granted.

2. Fox will have until January 3, 2025, to provide an update on the status of his investigation and whether Fox intends to proceed on his first amended petition or intends to file a second amended petition. This deadline and any extension thereof may not be construed as implied findings regarding the federal limitation period or a basis for tolling. Fox at all times remains responsible for calculating the running of

the federal limitation period and timely asserting claims, without regard to any court-ordered deadlines or extensions. Thus, a petition or amended petition filed within a court-ordered deadline may still be dismissed as untimely if it violates the statute of limitations. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

DATED this 24th day of October, 2024.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE