UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| Derek Ryan Fox, | Case No.: 2:22-cv-00669-APG-EJY |
|---|---|
| Petitioner | **Order Granting Petitioner's Motion for Discovery** |
| v. | |
| Calvin Johnson, *et al.*, | [ECF No. 20] |
| Respondents | |

Petitioner Derek Ryan Fox moves for leave to conduct discovery, requesting an order requiring the Clark County District Attorney's Office to provide counsel for Fox a complete copy of the discovery it disclosed to trial counsel. ECF No. 20. His request is limited to discovery that was previously disclosed to defense counsel and does not include any work product or otherwise confidential portions of the district attorney's files. Respondents oppose (ECF No. 21), and Fox has replied (ECF No. 24).

**Background**

During state court trial proceedings, Timothy Treffinger (Treffinger) was appointed to represent Fox in initial state court proceedings and Craig Mueller (Mueller) represented Fox through trial proceedings to sentencing. ECF No. 20 at 3. Upon request for Fox's files from Fox's counsel in this current habeas matter, the Federal Public Defender (FPD), Mueller first informed the FPD that he gave his records to the Clark County Public Defender (CCPD). *Id*. at 3-4. The CCPD, however, did not represent Fox and did not have any records. *Id*. at 3-4. Mueller then informed the FPD that he gave any records he had to Fox's direct appeal counsel, Daniel Bunin (Bunin). *Id*. at 3-4. Mueller also provided to the FPD an incomplete file comprising of about 20 scanned documents. *Id*. at 4.

In August 2021, Bunin passed away. *Id*. Fox's postconviction counsel, Amanda Pellizzari (Pellizzari), informed the FPD that she reached out to Bunin's wife and investigator, who both confirmed that Bunin was never able to get Fox's files from Mueller. *Id*. Pellizzari did not receive Fox's file from Mueller either. *Id*.

## Discussion

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997); *Earp v. Davis*, 881 F.3d 1135, 1142 (9th Cir. 2018). However, Rule 6(a) of the Rules Governing Section 2254 Cases provides: "A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." To determine whether a petitioner has established "good cause" for discovery, the court identifies the essential elements of the substantive claim and analyzes whether "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate" entitlement to relief. *Bracy*, 520 U.S. at 908–09; *Roseberry v. Ryan*, 289 F. Supp. 3d 1029, 1034 (D. Ariz. 2018).

The Ninth Circuit has admonished courts not to permit a "fishing expedition" in habeas discovery. *Earp v. Davis*, 881 F.3d at 1144 (affirming district court's denial of further discovery where petitioner's allegations were "too attenuated and too speculative" to make a plausible showing); *Calderon v. U.S. Dist. Court for the N. Dist. of Cal.*, 98 F.3d 1102, 1106 (9th Cir. 1996) ("[C]ourts should not allow prisoners to use federal discovery for fishing expeditions to investigate mere speculation.").

Fox seeks leave to subpoena from the Clark County District Attorney's Office a copy of the discovery it disclosed to trial counsel in *State v. Fox*, Clark County Case No. C-318410-1.

Fox asserts that he requires the defense file to determine the viability of his claims, including ineffective assistance of counsel claims for failure to investigate and object. Fox further asserts that based on its previous efforts to obtain the file from Mueller, there is likely little chance to recover Fox's file from Mueller even with the court's intervention.

The respondents argue that Fox's request for discovery is premature, and that Fox fails to provide a nexus between his discovery requests and any claims asserted in his petition. They further assert that Fox's request is not narrowly tailored to obtain specific, identifiable items, and is therefore overbroad.

I find that Fox has shown good cause for limited discovery. Although filed following Fox's motion for discovery, Fox has filed his first amended petition in addition to his *pro se* petition. I find this is sufficient to give the respondents notice of the claims for which Fox seeks discovery. *See McDaniel v. U.S. Dist. Court for the Dist. Of Nev.*, 127 F.3d 886, 887-88 (9th Cir. 1997) (finding that the petitioner's claim did not appear purely speculative or without any basis in the record); *Pham v. Terhune*, 400 F.3d 740, 743 (th Cir. 2005); *Jones v. Wood*, 114 F.3d 1002, 1009 (9th Cir. 1997). *See also Osborne v. District Attorney's Office*, 521 F.3d 1118, 1133 (th Cir. 2008), *reversed on other grounds, District Attorney's Office v. Osborne*, 557 U.S. 52 (2009) (in discussing its precedent in *Jones* as to habeas discovery, the Ninth Circuit reinforced the point that a court should allow discovery that, as emphasized by the Court of Appeals, only "*may* establish" a factual basis for the petitioner's claim).

I will therefore grant Fox's motion and authorize issuance of a subpoena to the district attorney's office for a copy of the discovery it disclosed to trial counsel in *State v. Fox*, Clark County Case No. C-318410-1.

**Conclusion**

I THEREFORE ORDER:

1. Petitioner Derek Ryan Fox's motion for discovery (ECF No. 20) is granted.

2. Fox is granted leave to secure issuance of a subpoena directed to the Clark County District Attorney's Office for the production of a copy of the discovery provided to the defense in *State v. Fox*, Clark County Case No. C-318410-1

DATED this 4th day of November, 2024.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE