UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Derek Ryan Fox,<br><br>　　　　Petitioner<br><br>v.<br><br>Calvin Johnson, *et al.*,<br><br>　　　　Respondents | Case No.: 2:22-cv-00669-APG-EJY<br><br>**Order Granting Fox's<br>Motion to Stay and Motion to Seal,<br>and Granting the Respondents'<br>Motion to Extend**<br><br>[ECF No. 45] |

Petitioner Derek Ryan Fox has filed a counseled second amended petition (ECF No. 39) and now requests a stay while he litigates his second state postconviction petition. ECF No. 45. Also pending are Fox's motion to seal (ECF No. 38) and the respondents' motion to extend time (ECF No. 53).

### Background

In December 2022, I granted Fox's motion to stay case pending the conclusion of his state habeas postconviction proceedings. ECF No. 14. In April 2024, shortly after remittitur issued, I granted Fox's motion to reopen these federal proceedings and granted him leave to file an amended petition. ECF No. 23. Subsequently, I granted Fox leave to file a second amended petition and leave to conduct discovery to retrieve a copy of discovery the state district attorney's office disclosed to Fox's trial counsel in his underlying state criminal case. ECF Nos. 32, 33.

### Discussion

**I.　Motion to Stay**

A district court is authorized to stay an unexhausted petition in "limited circumstances," to allow a petitioner to present unexhausted claims to the state court without losing his right to federal habeas review due to the relevant one-year statute of

limitations. *Rhines v. Weber*, 544 U.S. 269, 273–75 (2005); *Mena v. Long*, 813 F.3d 907, 912 (9th Cir. 2016) (holding that district courts have authority to stay and hold in abeyance both mixed petitions and "fully unexhausted petitions under the circumstances set forth in *Rhines*"). Under the *Rhines* test, "a district court must stay a mixed petition only if: (1) the petitioner has 'good cause' for his failure to exhaust his claims in state court; (2) the unexhausted claims are potentially meritorious; and (3) there's no indication that the petitioner intentionally engaged in dilatory litigation tactics." *Wooten v. Kirkland*, 540 F.3d 1019, 1023 (9th Cir. 2008) (citing *Rhines*, 544 U.S. at 278).

The Ninth Circuit has acknowledged that the *Rhines* "good cause" standard does not require "extraordinary circumstances." *Wooten*, 540 F.3d at 1024 (citing *Jackson v. Roe*, 425 F.3d 654, 661–62 (9th Cir. 2005)). But courts "must interpret whether a petitioner has 'good cause' for a failure to exhaust in light of the Supreme Court's instruction in *Rhines* that the district court should only stay mixed petitions in 'limited circumstances'." *Wooten*, 540 F.3d at 1024 (citing *Jackson*, 425 F.3d at 661). Courts must also "be mindful that AEDPA aims to encourage the finality of sentences and to encourage petitioners to exhaust their claims in state court before filing in federal court." *Wooten*, 540 F.3d at 1024 (citing *Rhines*, 544 U.S. at 276–77).

Fox asserts, with respect to his claims of ineffective assistance of counsel in his second amended petition, that there is good cause for his failure to previously exhaust those claims in state court because of his state post-conviction counsel's ineffective assistance. ECF No. 45 at 5-10. He also asserts that Claims 1-3 are *Brady/Napue/Giglio* claims that have not been presented to the state court because they are based on new information recently discovered and developed by federal habeas counsel. *See Brady v. Maryland*, 373 U.S. 83 (1963), *Napue v. Illinois*, 360

U.S. 264 (1959), *Giglio v. U.S.*, 405 U.S. 150 (1972). Fox's showing of good cause is not "a bare allegation of state postconviction [ineffective assistance], but a concrete and reasonable excuse, supported by evidence this his state post-conviction counsel failed to" present substantial claims to the state courts. *Blake v. Baker*, 745 F.3d 977, 983 (9th Cir. 2014).

Fox establishes that "at least one of his unexhausted claims is not 'plainly meritless.'" *Dixon v. Baker*, 847 F.3d 714, 722 (9th Cir. 2017). He alleges ineffective assistance of counsel and that the state failed to disclose exculpatory information and/or information that could have been used to impeach a witness, that the state failed to correct or abstain from presenting misleading testimony, and that such information was never disclosed to the defense.

The respondents argue that Fox's *Brady* claims are unavailing because the alleged undisclosed evidence was not material. I, however, am not going to definitively resolve the *Brady/Napue* claims as a prerequisite to determining whether to enter a stay to afford the state courts an opportunity to consider the claims in the first instance. *Cf. Gonzalez v. Wong,* 667 F.3d 965, 979–80 (9th Cir.2011), *cert. denied,* 133 S.Ct. 155 (2012) (noting that, in the circumstances presented, a stay was appropriate because it provided the state courts with the first opportunity to resolve a *Brady* claim based upon evidence developed for the first time on federal habeas review). Rather, it suffices for the present good-cause inquiry that petitioner has presented colorable or potentially meritorious *Brady/Napue* claims based upon evidence developed for the first time by the petitioner in federal court. *Id.*

There is also no indication that Fox has intentionally engaged in dilatory litigation tactics. *Wooten*, 540 F.3d at 1023 (citing *Rhines*, 544 U.S. at 278). Accordingly, the Court will grant Fox's motion. My intention is that this will be the final time that the court will impose a

stay to facilitate Fox's exhaustion of claims in state court.  Fox must exhaust all of his unexhausted claims in state court during the stay imposed by this order.

## II. Motion to Seal

Fox seeks leave to file under seal (ECF No. 41): Exhibit 39, Guilty Plea Agreement (ECF No. 42-1), dated December 22, 2016.  The exhibit was sealed pursuant to a minute order in state district court. ECF No. 41 at 2.  Having reviewed and considered the matter in accordance with *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), and its progeny, I find that a compelling need to protect the petitioner's safety, privacy, and/or personal identifying information outweighs the public interest in open access to court records.  Accordingly, Fox's motion to seal is granted, and Exhibit 39 is considered properly filed under seal.

## III. Motion to Extend

The respondents seek an extension of time to file their response to Fox's second amended petition. ECF No. 53.  I find that the request is made in good faith and not solely for the purpose of delay, and therefore, good cause exists to grant the motion.

## Conclusion

I THEREFORE ORDER:

1. Petitioner Derek Ryan Fox's motion to stay case (ECF No. 45) is granted.
2. This action is STAYED pending exhaustion of the unexhausted claims in the second amended petition.
3. The grant of a stay is conditioned upon Fox filing, if same is not already pending, a state post-conviction petition or other appropriate proceeding in state district court within forty-five (45) days of entry of this order and returning to federal court with a motion to

reopen within forty-five (45) days of issuance of the remittitur by the Nevada appellate court at the conclusion of all state court proceedings.[1]

4. The Clerk of Court is directed to ADMINISTRATIVELY CLOSE this action until such time as an order granting a motion to reopen is entered.

5. I will reset the briefing schedule upon reopening the case and lifting the stay.

6. Fox's motion to seal (ECF No. 41) is granted.  Exhibit 39 is considered properly filed under seal.

7. The respondents' motion to extend (ECF No. 53) is granted *nunc pro tunc*.

DATED this 24th day of October, 2025.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] If *certiorari* review will be sought or thereafter is being sought, either party may move to extend the stay for the duration of such proceedings. *Cf. Lawrence v. Florida*, 549 U.S. 327, 335 (2007).